UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|    DOUGLAS ANDREW GATHOF | ) | Case No. 09-17451-SSM |
|    ALEXANDRA CHRISTINE GATHOF | ) | Chapter 7 |
| | ) | |
|           Debtors | ) | |
| | ) | |
| DENNIS WEBB, *et al.* | ) | |
| | ) | |
|           Plaintiffs | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 09-1407 |
| | ) | |
| DOUGLAS ANDREW GATHOF, *et al.* | ) | |
| | ) | |
|           Defendants | ) | |

**MEMORANDUM OPINION**

A hearing was held on May 25, 2010, on the defendants' motion for summary judgment determining that a $22,000 state court judgment the plaintiffs obtained against them for breach of contract is dischargeable. The plaintiffs, in response, filed a written opposition as well as their own motion for summary judgment, which the court has considered. For the reasons stated in this opinion, as well as those stated from the bench, the court will grant the defendants' motion and will enter a final judgment excepting from discharge only a separate $4,000 fraud judgment which the court has previously determined to be nondischargeable.

1

Background

This case presents a decidedly unusual set of facts. The defendants, Douglas Andrew Gathof and Alexandra Christine Gathof ("the debtors") owned and operated a construction business known as Axela Company. In that capacity, they contracted with the plaintiffs, Dennis Webb and Jamie Webb, in April 2005, to renovate the basement of the Webbs' house. Disputes arising out of the project eventually resulted in a lawsuit and a six-day jury trial in the Circuit Court of Loudoun County, Virginia. The suit had been initiated by an unpaid subcontractor the debtors had hired to actually perform the work, but the subcontractor's claims were ultimately non-suited, and trial proceeded on the debtors' claims against the Webbs for breach of contract and the Webbs' claims against the debtors for breach of contract and fraud. The fraud claims were based on the Webbs' assertion that the debtors had falsely represented that Axela held a valid Virginia Class A contractor's license.[1] The jury returned a verdict in favor of the debtors

---

[1] Specifically, the Webbs' cross-claim against the debtors asserted:

> 11. Prior to signing the of the [*sic*] Contractor Agreement Gathof and Thier orally represented unto the Webbs that "The Axela Company" was a Virginia corporation holding a Class A license issued by the Board for Contractors and they would furnish a copy of the license at the signing of the Agreement. At the time of signing the Agreement, Thier said he had forgot the license, but would send the Webbs a copy. Subsequently, either Gathof and [*sic*] Thier sent by facsimile to the Webbs the document attached hereto as Exhibit B [an illegible copy of a license for an unrelated company].
> 12. In entering into the Agreement the Webbs reasonably relied on these representations as to corporate status and possession of a Contractor's License as evidence that "The Axela Company" possessed the requisite skill, experience and financial stading that would enable the contract work to be finished by the due date of June 10, 2005, in a workmanlike manner, with all subcontractors being paid in full.
> \* \* \*
> 14. As a result of their reasonable reliance on these fraudulent misrepresentations, the Webbs have incurred, and will continue to incur, damages

against the Webbs in the amount of $14,700 for breach of contract while also returning a verdict in favor of the Webbs against the debtors in the amount of $4,000 for fraud and $22,000 for breach of contract.  The fraud and breach of contract claims had been pleaded in separate counts of the cross-claim the Webbs had filed against the debtors.  On August 28, 2009, the trial court entered a final judgment in favor of the debtors against the Webbs for $14,700 for breach of the home improvement contract and in favor of the Webbs against the debtors for $4,000 for fraud and $22,000 for breach of the home improvement contract.  The Webbs subsequently brought a motion seeking entry of a modified judgment netting out the respective breach of contract judgments.  While that motion—which was ultimately denied—was pending, the debtors filed a voluntary petition in this court on September 11, 2009, for relief under chapter 7 of the Bankruptcy Code and received a discharge of their dischargeable debts on January 15, 2010.

In the interim, the present adversary proceeding was filed by the Webbs on November 30, 2009, alleging that their claim against the Webbs was excepted from discharge under § 523(a)(2), Bankruptcy Code, as a "debt caused by actual fraud" and seeking "a single order, comprised of the Fraud Judgment and the netting of the competing Breach of Contract Judgments, determining said debt to be nondischargeable, and judgment against the debtors in the sum of $11,300 together with interest from September 11, 2009."  Complaint, p. 3.  After answering the complaint, the debtors filed the present motion for summary judgment asserting that collateral estoppel barred the claim that the $22,000 breach of contract judgment was nondischargeable.  The Webbs, for their part, filed a cross-motion for summary judgment, seeking a determination not only that the $4,000 fraud judgment was excepted from discharge, but asking this court to

---

of at least $50,000.

declare that the breach of contract judgment the debtors had obtained against the Webbs was subject to recoupment, thereby not only barring the debtors from garnishing the Webbs' bank account but also defeating an attorney's lien being asserted by the debtors' former attorney. That motion was subsequently withdrawn, except as to the dischargeability of the $4,000 fraud judgment. After a hearing, an order was entered on April 22, 2010, granting partial summary judgment determining that the $4,000 fraud judgment was excepted from discharge under § 523(a)(2), Bankruptcy Code. Following the entry of that order, the debtors noticed their previously filed summary judgment motion for a hearing, and the Webbs filed a motion for summary judgment with respect to the $22,000 breach of contract judgment.

## Discussion

### A.

Although a bankruptcy discharge eliminates a debtor's personal liability on most kinds of debts, there are important exceptions. Among the debts excluded from discharge are those "for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained, by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." § 523(a)(2)(A), Bankruptcy Code. To prove actual fraud under § 523(a)(2), a creditor "must prove four elements: (1) a fraudulent misrepresentation; (2) that induces another to act or refrain from acting; (3) causing harm to the plaintiff; and (4) the plaintiff's justifiable reliance on the misrepresentation." *Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126 (4th Cir. 1999). Where the creditor has obtained a judgment for fraud, § 523(a)(2)(A) prevents discharge of entire judgment (including treble damages and attorneys fees) and is not limited to value obtained by the debtor. *Cohen v. de la*

4

*Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998); *Pleasants v. Kendrick (In re Pleasants)*, 219 F.3d 372 (4th Cir. 2000) (holding that even though homeowners' claim included nothing paid directly to debtor who misrepresented himself as architect, the amounts they paid to third parties to complete project when the debtor defaulted were nondischargeable under § 523(a)(2)(A)).

B.

The determinative issue with respect to the competing motions for summary judgment is whether the judgment entered in the state court litigation precludes a finding in this court that the $22,000 awarded for breach of contract represents a debt "for money . . . obtained by . . . false pretenses, a false representation, or actual fraud." Although the Supreme Court has ruled that res judicata, or claim preclusion, does not apply to dischargeability litigation, *Brown v. Felsen*, 442 U.S. 127, 138-39, 99 S.Ct 2205, 2213, 60 L.Ed.2d 767 (1979), collateral estoppel, or issue preclusion, does. *Grogan v. Garner*, 498 U.S. 279, 285 n.11, 111 S.Ct. 654, 658 n.11, 112 L.Ed.2d 755 (1991). Thus, in *Brown*, the Supreme Court held that settlement of a state court collection suit by a stipulated judgment that did not disclose the nature of debtor's liability did not prevent the bankruptcy court from looking behind the judgement to determine if the underlying debt was incurred through fraud. As the Court explained, "So long as a debtor is solvent, the debtor and creditor alike may prefer a simple contract suit to complex tort litigation." *Brown*, 442 U.S. at 137 n.8, 111 S.Ct. at 2212 n.8. Since the issues of deceit, fraud, and malicious conversion had not been decided in the state court litigation and were "now, *for the first time*, squarely in issue," the Court ruled that "the mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the

debt." *Id.* at 138, 111 S.Ct. at 2212 (emphasis added). Where, however, issues have been fully litigated in state court, collateral estoppel will prevent their relitigation in the context of a dischargeability determination. *Grogan*, 498 U.S. at 209, 111 S.Ct. at 661 (explaining that application of collateral estoppel and preponderance of the evidence standard "will permit exception from discharge of all fraud claims creditors have successfully reduced to judgment"); *see Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 624 (4th Cir. 1995) (explaining that "[c]ollateral estoppel precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding," and holding that Texas judgment for intentional infliction of emotional distress established all the elements for excepting the debt from discharge under § 523(a)(6) as a willful and malicious injury).

But collateral estoppel applies with just as much force to a creditor as the debtor. Here, the court agrees with the debtors that where the issue of fraud was fully tried before a jury in the state court, and plaintiffs received a judgment for only $4,000 based on their assertion that they were fraudulently induced to enter into the home improvement contract with the defendants, collateral estoppel bars a finding by this court that the separate damages they were awarded for breach of contract—which were the same damages alleged in their fraud count—are nondischargeable as arising from fraud. Thus, the present action is distinguishable from *Brown*, in which the issues of deceit, fraud or malicious conversion had not been previously litigated and were being litigated "for the first time" in the bankrutpcy court. To hold otherwise would give a creditor, not the simply the *option* of proceeding on a simple contract claim and reserving the fraud claim for determination only if the defendant filed for bankruptcy, but instead would give

6

the creditor who did not succeed in state court a second bite at the apple and put this court in the anomalous position of resurrecting a claim rejected by the state court on the merits.  Had the Webbs not chosen to litigate the issue of fraud in the state court, they would, under *Brown*, be free to do so now.   But having chosen to raise and litigate their fraud claims in the state court litigation, and having achieved only a partial victory, they cannot mount in this court a collateral attack on the jury's finding by asking this court to determine that, after all, the entirety of their damages, and not merely $4,000, flowed from the false representations that the debtors held a Class A contractor's license.

C.

Only brief discussion is required with respect to the Webbs' request that this court offset the two breach of contract judgments, effectively wiping out the debtors' judgment and leaving the Webbs with a net $7,300 judgment for breach of contract.  While the request has a certain surface appeal, it is precluded by limits on this court's jurisdiction.  Specifically, where a debtor's liability has been reduced to judgment by a state court, a bankruptcy court, in determining the dischargeability of the debt, may not enter its own money judgment, but is limited to determining whether the state court judgment is dischargeable.  *See Heckert v. Dotson (In re Heckert)*, 272 F.3d 253 (4th Cir. 2001) (holding that bankruptcy court did not have jurisdiction to enter money judgment in connection with determination of dischargeability where claim had already been reduced to judgment in state court).  Thus, this court may not enter its own money judgment netting the state court judgment the debtors obtained against the Webbs against the state court judgment the Webbs obtained against the debtors.

7

      The court does stress, however, that the discharge of the debtors' liability on the $22,000 breach of contract judgment does not affect any right that otherwise exists under state law to offset the judgments. *See Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533, 1539 (10th Cir. 1990) (holding that a right of setoff recognized by § 553 of the Bankruptcy Code survives a discharge just as much as a claim secured by a mortgage or any other lien); *In re Conti*, 50 B.R. 142 (Bankr. E.D. Va. 1985) (explaining that creditor who otherwise meets requirement for setoff under § 553 is not prohibited from doing so because debtor's obligation to the creditor has been discharged, and that the injunction against offset in § 524(a)(2) applies only to setoff of a postpetition debt owed to debtor by creditor against a prepetition obligation of debtor to creditor).

      A separate order will entered granting the debtors' motion for summary judgment and entering final judgment determining that the $4,000.00 fraud judgment entered in favor of the Webbs is nondischargeable while the $22,000.00 breach of contract judgment is dischargeable and has been discharged.

Date: _____        _____
                                   Stephen S. Mitchell
Alexandria, Virginia               United States Bankruptcy Judge

Copies to:

Dennis Webb
Jamie Webb
21457 Glebe View Drive
Broadlands, VA 20148
Plaintiffs *pro se*

Shawn Charles Whittaker, Esquire
Wittaker & Associates, P.C.
1010 Rockville Pike, Suite 607
Rockville, MD 20852
Counsel for the defendants